Wm. Lucas v. Oscar Boyce and Wife.

Pleading—Sufficiency of Petition—Suit on Written Instrument.

It is essential to entitle a plaintiff to relief that he should set forth in his petition, if he sues on a writing, the covenants, of the defendants, and the breach for which he seeks redress, and the writing or a copy should be filed and made part of the petition.

APPEAL FROM SCOTT CIRCUIT COURT.

Opinion of the Court by Judge Peters:

A judgment having been rendered in the Court below against appellant by default, he has appealed to this Court, and the only question is whether the facts stated in the petition, are sufficient to constitute a cause of action.

The action was brought in equity against the personal representative, and heirs of one McDowell deceased, who was the guardian of appellee Mrs. Boyce, and against appellant as the surety to recover the amount of estate of the ward received by the guardian in his life time.

The covenant which was, or should have been the foundation of the action is not referred to in the petition, nor is a copy made a part thereof. It is neither set forth in terms, nor in substance, and it is not even alleged that the guardian, and his surety covenanted to pay over the estate which might come to the hands to the former either to the ward, or to any one for her.

It is essential to entitle a plaintiff to relief that he should set forth in his petition if he sues upon a writing, the covenants, or undertakings therein, of the defendants, and the breaches .for which he seeks redress, and the writing, or an official copy if it is an official paper should be filed and made a part of the petition. This is required by the Civil Code.

It is apparent therefore from the foregoing statement that the petition does not contain facts sufficient to constitute a cause of action. Wherefore the judgment is *reversed,* and the cause remanded with directions to permit appellees to amend their petition if they should within reasonable time, offer to do so, and further proceedings consistent herewith.

*Polk & Cantrill, for appellant.*
*Shepard, for appellee.*